### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael D. Rapp<br>Christine M Rapp           Debtors | CHAPTER 13 |
| Home Point Financial Corporation<br>                    Movant<br>vs. | NO. 16-15285 REF |
| Michael D. Rapp<br>Christine M Rapp           Debtors | |
| | 11 U.S.C. Section 362 |
| Frederick L. Reigle           Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$7,258.96,** which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | November 1, 2016 through March 1, 2017 at $1,245.64 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| Less Suspense Balance: | $.24 |
| **Total Post-Petition Arrears** | **$7,258.96** |

2. The Debtors shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtors shall file an Amended Chapter 13 Plan to include the post-petition arrears of $7,258.96 along with the pre-petition arrears;

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of $7,258.96 along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim;

d). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtors provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtors and Debtor's attorney of the default in

writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: March 7, 2017                    /s/ Thomas Puleo, Esquire
                                        Thomas Puleo, Esquire
                                        Attorneys for Movant
                                        KML Law Group, P.C.
                                        Main Number: (215) 627-1322

Date: March 15, 2017                    _____
                                        Beth M. Auman, Esquire
                                        Attorney for Debtors

Date: 3/20/17                           _____
                                        Frederick L. Reigle, Esquire
                                        Chaper 13 Trustee

Approved by the Court this ___ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge